1
2
3
4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    CYNTHIA WOLLAM,                          Case No. 21-cv-09134-JST

8                    Plaintiff,

9            v.                               **ORDER DENYING CLASS
                                              CERTIFICATION**
10   TRANSAMERICA LIFE INSURANCE              Re: ECF No. 56
     COMPANY,
11
                     Defendant.
12

13          Before the Court is Plaintiff Cynthia Wollam's motion for class certification.  ECF No. 56.

14   The Court will deny the motion.

15   **I.      BACKGROUND**

16          This is a case about the rights of life insurance policyholders who fail to pay their

17   premiums on time.  Sections 10113.71 and 10113.72 of the California Insurance Code ("the

18   Statutes"), effective January 1, 2013, "changed the grace period and notice requirements for life

19   insurance policies in California."  *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213, 225 (2021).

20   The Statutes established a sixty-day grace period after policyholders miss a premium payment;

21   granted policy owners the right to designate at least one other person to receive notices of an

22   overdue premium or impending lapse or termination of their policy; and required insurers to mail

23   (1) a notice to policyholders and their chosen designees (if any) about a lapse within thirty days of

24   the missed payment and (2) a notice of any impending termination for nonpayment at least thirty

25   days before the policy is terminated.  Cal. Ins. Code §§ 10113.71, 10113.72.  In 2021, the

26   California Supreme Court clarified insurance companies' obligations under the Statutes, holding

27   that they "apply to all life insurance policies in force when [the Statutes] went into effect,

28   regardless of when the policies were originally issued."  *McHugh*, 12 Cal. 5th at 220.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Cynthia Wollam alleges that, since January 2013, Defendant Transamerica Life Insurance Company ("TLIC") "has wrongfully terminated thousands of life insurance policies in violation of" the Statutes.  ECF No. 16 ¶ 1.  Specifically, Wollam alleges that TLIC has failed "to provide full 60-day grace periods contained in the policy"; failed "to mail compliant accurate and timely 30-day pending lapse notices" to policy owners; failed "to provide annual notifications to policy owners" of their rights to designate; wrongfully terminated policies in contravention of the Statutes; and breached the Statutes and the terms of its policies in other respects.  *Id.* ¶ 32.  She alleges that these failures by TLIC constitute breach of contract with its insureds and violate California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200.  *Id.* ¶¶ 71–91; ECF No. 56 at 19–20.  She seeks damages, restitution, and declaratory relief.  ECF No. 16 ¶¶ 56–91.

Wollam now seeks to represent a class of beneficiaries whose California life insurance policies Defendant Transamerica Life Insurance Company ("TLIC") terminated for nonpayment without providing the required protections.  ECF No. 56 at 9–13.  She defines the proposed class as:

> All beneficiaries who made a claim, or would have been eligible to make a claim, for the payment of benefits on Defendant's life insurance policies issued or delivered in California that lapsed or were terminated for nonpayment of premium on or after January 1, 2013, without Defendant first providing every notice, grace period, and offer of designation required by Insurance Code Sections 10113.71 and 10113.72.

*Id.* at 12.

Wollam seeks to certify her proposed class under Rule 23(b)(2), Rule 23(b)(3), or Rule 23(c)(4) of the Federal Rules of Civil Procedure.  ECF No. 56 at 13, 28.  She also requests that the firms of Nicholas & Tomasevic and Winters & Associates be appointed as class counsel.  *Id.* at 3.  TLIC opposes class certification.  ECF No. 57.  TLIC argues that certification is not available under Rule 23(b)(2) because the putative class seeks primarily monetary damages.  *Id.* at 15–17.  As for Rule 23(b)(3), TLIC argues that Wollam cannot represent the class because, among other reasons, her claims are atypical of the class, and individual questions predominate over common issues.  *Id.* at 17–25.

## II.     JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1332(a).

## III.    LEGAL STANDARD

A party seeking class certification bears the burden of demonstrating by a preponderance of the evidence that the proposed class meets the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) and at least one of the requirements of Rule 23(b).  *Willis v. City of Seattle*, 943 F.3d 882, 885 (9th Cir. 2019).

Here, Wollam relies upon both Rule 23(b)(2) and Rule 23(b)(3).  Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . ."  Fed. R. Civ. P. 23(b)(2).  Rule 23(b)(3) requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  "The predominance inquiry of Rule 23(b)(3) asks 'whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'"  *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 957 (9th Cir. 2009) (quoting *Loc. Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir.2001)).  "The focus is on the relationship between the common and individual issues."  *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d at 957 (internal quotation marks and citation omitted).

"Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage."  *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013).  "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."  *Id.*  Courts "must take the substantive allegations of the complaint as true" but "need not accept conclusory or generic allegations regarding the suitability of the litigation for resolution through class action."  *Keilholtz v. Lennox Hearth Prods. Inc.*, 268 F.R.D. 330, 335 (N.D. Cal. 2010) (citations omitted).

United States District Court
Northern District of California

3

1

## IV.    DISCUSSION

2

### A.    Rule 23(b)(2)

3

The Court first addresses Wollam's motion for certification under Rule 23(b)(2).  "Class

4

certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory

5

or injunctive."  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011) (internal

6

quotation marks and citation omitted); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362

7

(2011) (emphasizing that "individualized monetary claims belong in Rule 23(b)(3)" and not in

8

Rule 23(b)(2)).  This distinction protects the rights of absent class members because Rule 23(b)(2)

9

does not permit class members to opt out of the class or "even oblige the District Court to afford

10

them notice of the action."  *Wal-Mart Stores, Inc.*, 564 U.S. at 362.  "The absence of these

11

protections in a class action predominantly for monetary damages violates due process."  *Ellis*,

12

657 F.3d at 987.

13

The Court finds that certification of this action under Rule 23(b)(2) is not appropriate

14

because Wollam seeks primarily monetary damages.  Notably, this Court and several other district

15

courts have rejected Rule 23(b)(2) certification in analogous cases concerning the Statutes because

16

monetary damages were the primary requested relief.  *See, e.g.*, *Siino v. Foresters Life Ins. &*

17

*Annuity Co.*, 340 F.R.D. 157, 161 (N.D. Cal. 2022); *Steen v. Am. Nat'l Ins. Co.*, 2023 WL

18

4004192, at *11 (C.D. Cal. June 14, 2023); *Nieves v. United of Omaha Life Ins. Co.*, 2023 WL

19

2705836, at *7 (S.D. Cal. Mar. 28, 2023); *Pitt v. Metro. Tower Life Ins. Co.*, 2022 WL 17972167,

20

at *8–9 (S.D. Cal. Dec. 1, 2022); *Moriarty v. Am. Gen. Life Ins. Co.*, 2022 WL 6584150, at *3

21

(S.D. Cal. Sept. 27, 2022).  Wollam's motion for class certification of her declaratory relief claim

22

is therefore denied.[1]

23

### B.    Rule 23(b)(3)

24

The Court next considers Wollam's motion for certification under Rule 23(b)(3).  "Given

25

the relationship between Rule 23(a)'s commonality requirement and Rule 23(b)(3)'s

26

predominance requirement, courts often analyze those requirements together."  *Siino*, 340 F.R.D.

27

_____

28

[1] Given that Plaintiff's counsel here was also plaintiff's counsel in each of the above-cited cases, the Court's conclusion that Rule 23(b)(2) is unavailable will not come as a surprise.

at 161–62.

### 1.  Numerosity

Numerosity refers to Rule 23's requirement that "the class [be] so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *see Floyd v. Saratoga Diagnostics*, Inc., 2021 WL 2139343, at *3 (N.D. Cal. May 26, 2021) (explaining that "as a general rule . . . classes of 40 or more are numerous enough" (internal quotation marks and citation omitted)).  Wollam argues that numerosity is met because according to TLIC's records there are more than 1,000 putative class members.  ECF No. 56 at 19.  TLIC does not dispute that the proposed class is sufficiently numerous.  The Court finds that the numerosity requirement is satisfied.

### 2.  Commonality and Predominance

Commonality refers to Rule 23's requirement that "there [be] questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  "[F]or purposes of Rule 23(a)(2) [e]ven a single [common] question will do." *Wal-Mart Stores, Inc.*, 564 U.S. at 359 (internal quotation marks and citation omitted).  The common question "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350.

For certification under Rule 23(b)(3), the proposed class must also satisfy the requirement that common questions "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).  "Considering whether questions of law or fact common to class members predominate begins . . . with the elements of the underlying causes of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011) (internal quotation marks omitted).  The predominance inquiry requires that the putative class show that common questions predominate as to each cause of action for which they seek class certification. *See Berrien v. New Raintree Resorts Int'l, LLC*, 276 F.R.D. 355, 361 (N.D. Cal. 2011).

In short, "Rule 23(a)(2) asks whether there are issues common to the class, and Rule 23(b)(3) asks whether these common questions predominate." *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (internal quotation marks and citation omitted).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### a.   Commonality

Wollam argues that her proposed class presents a common question: whether TLIC's failure to provide the required notices to policyholders voided TLIC's attempts to terminate their policies for nonpayment, leaving class members' policies legally in effect.  ECF No. 56 at 19. Wollam reasons that the Court can determine on a classwide basis whether TLIC's "systematic noncompliance" with the Statutes left its insured's policies in effect simply by interpreting the Statutes.  *Id.*  TLIC responds that whether individual policies remain in effect cannot be determined solely by examining the Statutes but instead must be determined based on individualized inquiry into the circumstances of each policyholder.  ECF No. 57 at 18–19.

The Court finds that Wollam satisfies the commonality requirement.  The party seeking certification "need only show that there is a common contention capable of classwide resolution— not that there is a common contention that will be answered, on the merits, in favor of the class." *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1053 (9th Cir. 2015) (internal quotation marks and citation omitted).  And the common question need not resolve the entire claim; rather, its "truth or falsity [must] resolve *an issue* that is central to the validity of each one of the claims in one stroke."  *Wal-Mart Stores, Inc.*, 564 U.S. at 350 (emphasis added).  This requirement accommodates proposed classes that "share[] legal issues with divergent factual predicates . . . ." *In re Volkswagen "Clean Diesel" Mktg.*, 2022 WL 17730381 (N.D. Cal. Nov. 9, 2022) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)); *accord Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014) (holding that "commonality exists" where the circumstances of class members "vary but retain a common core of factual or legal issues with the rest of the class" (internal quotation marks and citation omitted)).  Accordingly, Wollam must show that a common question is central to the liability question for the whole proposed class—not that its answer would, by itself, establish its claims.  The question of whether TLIC had a prior policy of not issuing required notices to policyholders before terminating their policies is an element of the putative class's breach-of-contract claim and its UCL claim and is common to the class.  *See Nieves*, 2023 WL 2705836, at *4 (S.D. Cal. Mar. 28, 2023) ("Plaintiff identifies the following common question: whether United engaged in a practice of not complying with the Statutes for

1    policies that were in force on or after January 1, 2013 and is therefore liable for breach-of-contract

2    and UCL claims . . . .  Accordingly, Plaintiff has satisfied the commonality requirement.").  The

3    Court finds that the commonality requirement is satisfied.

**b.      Predominance**

5          Under Rule 23(b)(3), plaintiffs must show "that the questions of law or fact common to

6    class members predominate over any questions affecting only individual members."  Fed. R. Civ.

7    P. 23(b)(3).  The Rule 23(b)(3) predominance requirement is "even more demanding" than Rule

8    23(a)'s commonality counterpart.  *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013).  To

9    determine whether a class satisfies the predominance requirement, courts must "pragmatically

10   compare[] the quality and import of common questions to that of individual questions."  *Jabbari v.*

11   *Farmer*, 965 F.3d 1001, 1005 (9th Cir. 2020).  The Court begins by identifying "the elements of

12   the underlying cause of action."  *Erica P. John Fund, Inc.*, 563 U.S. at 809.

**i.      Breach of contract**

14         Plaintiff's breach of contract claim has four elements: "(1) the existence of the contract, (2)

15   plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting

16   damages to the plaintiff."  *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citation

17   omitted).  "Implicit in the element of damage is that the defendant's breach *caused* the plaintiff's

18   damage."  *Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 1352 (2009) (emphasis in

19   original).  Breach of contract claims thus "require a causal link between the breach and the

20   damages."  *Steen*, 2023 WL 4004192, at *12 (citing *Oasis W. Realty, LLC*, 51 Cal. 4th at 821).

21         TLIC argues that Plaintiff cannot establish causation on a class-wide basis because the

22   circumstances of each policy's termination were different.  ECF No. 57 at 25–32.  It argues, for

23   example, that some policyholders voluntarily allowed their policies to lapse, such that any lack of

24   notice was harmless;[2] that TLIC provided a grace period in some instances such that policyholders

25   knew they could cure their non-payment; and that TLIC did provide the required notice to some

26

27   _____

28   [2] The evidence in the record indicates that Wollam herself was aware that her policy would lapse
     if she did not make the required payments, but she opted to allow it to lapse.  *See* ECF No. 57 at
     10–12.

United States District Court
Northern District of California

1   class members.  In light of these differing circumstances, TLIC argues that causation of damages

2   for each putative class member would require policy-specific "mini-trial[s]."  ECF No. 57 at 31.

3   *Id.* at 26–30.  Wollam responds that she is not required to prove causation for each class member's

4   breach of contract claim because TLIC's violation of the Statutes precludes lapse for nonpayment.

5   ECF No. 56 at 14 (citing *Thomas v. State Farm Life Ins. Co.*, 2021 WL 4596286, at *1 (9th Cir.

6   Oct. 6, 2021)); *see also* ECF No. 61 at 9–14.  In her view, "[t]he Statutes' promise that policies

7   will not be terminated before compliance *is incorporated by law as a term in the insurance

8   contract* . . . establishing a breach of contract claim."  ECF No. 61 at 10 (emphasis in original).

9         The Court rejects Wollam's argument that she need not prove damages causation if she

10   shows a breach of statute by TLIC.  Adopting Wollam's argument would effectively require the

11   Court to hold that the violation of any law bearing on a contract would allow one or more parties

12   to that contract to sue for breach.  That is not what Wollam's cases say.  Instead, they stand for the

13   unremarkable proposition that wrongful termination of an insurance policy or failure to pay the

14   policy amount when a policy is still in force constitutes breach of contract.  *See Kim v. Axa Fin.,*

15   *Inc.*, 2008 WL 11388671, at *4 (D. Nev. Nov. 21, 2008) (wrongful termination); *Moriarty v. Am.*

16   *Gen. Life Ins. Co.*, 2023 WL 5211632, at *5 (S.D. Cal. Aug. 14, 2023), *motion to certify appeal*

17   *granted*, 2023 WL 6280967 (S.D. Cal. Sept. 26, 2023) (failure to pay policy amount).[3]

18         *Poe* is instructive.  In that case, which involved claims similar to those here, "[p]laintiff

19   argue[d] she [did] not need to prove that Defendant's violation of the Statutes caused anyone

20   actual damage . . . .  In essence, [p]laintiff argue[d] that, while the Statutes do not provide a private

21   right of action, they nonetheless confer strict liability if an insurer fails to provide the Designation

22   Notices."  *Poe*, 2023 WL 5251875, at *7.  The district court rejected that argument.  The court

---

[3] The Court is aware of one California case, not cited by the parties, holding that the plaintiff's
deed of trust incorporated the Real Estate Settlement Procedures Act by implication, such that
plaintiff's allegations that its lender violated RESPA alleged a breach of contract.  *McKell v.
Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1489–90 (2006).  This Court agrees with other courts
holding that *McKell* should be limited to its facts—otherwise, almost any allegation that a statute
has been breached could become a breach of contract claim.  *Berger v. Home Depot U.S.A., Inc.*,
476 F. Supp. 2d 1174, 1176–77 (C.D. Cal. 2007) ("While the UCL or CLRA does not necessarily
provide plaintiffs with an exclusive remedy, plaintiffs must be required to do something more to
allege a breach of contract claim than merely point to allegations of a statutory violation.").

first traced the history of *McHugh*, *supra*, noting that, following remand from the California Supreme Court, the California Court of Appeal held that "in addition to proving [the insurer] breached the contract, plaintiffs had the burden of proving they were harmed by the breach." *Id.* at *8 (citing *McHugh v. Protective Life Ins.*, 2022 WL 6299640, at *9 (Cal. Ct. App. Oct. 10, 2022) (unpublished)). It further noted that "[f]ollowing *McHugh* and *Thomas*, many courts have declined to discard causation as an element for a breach of contract claim based on violations of the Statutes." *Id.* The court "agree[d] with the weight of authority that proving Defendant's violations of the Statutes in fact caused Plaintiff damage would both be necessary for Plaintiff to succeed on her breach of contract claim and would predominate over questions common to the class." *Id.* at *9. Having reached that conclusion, the court then determined that individualized issues overshadowed common questions, and the proposed class failed the predominance requirement. *Id.*; *see also Van v. LLR, Inc.*, 61 F.4th 1053, 1067 (9th Cir. 2023) (holding that the defendant's "evidence that the individualized issues bar recovery on at least some claims" was sufficient to "raise[] the spectre of class-member-by-class-member adjudication" and defeat predominance).

This Court agrees that because California law requires plaintiffs to demonstrate causation of damages to establish a claim for breach of contract, individualized questions are likely to predominate over common questions. The proposed class action fails the predominance requirement regarding the breach of contract claim.

### ii.     UCL

Wollam also seeks restitution under California's UCL. California law defines restitution as "the return of the excess of what the plaintiff gave the defendant over the value of what the plaintiff received." *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 988 (9th Cir. 2015) (internal quotation marks and citation omitted). Restitution thus returns to a plaintiff only "those *measurable amounts* which are *wrongfully taken* by means of an unfair business practice." *See Tucker v. Pac. Bell Mobile Servs.*, 208 Cal. App. 4th 201, 229 (2012) (emphasis in original) (internal quotation marks omitted). These amounts must be subject to "some reasonable basis of computation" that is "supported by evidence." *Pulaski & Middleman, LLC*, 802 F.3d at 988–89

(internal quotation marks and citations omitted).

Wollam proposes that restitution is easily and uniformly calculable for this proposed class based on her strict liability theory of harm.  *See* ECF Nos. 56 at 17 ("the remedy is always, and exclusively, the unpaid benefits of the policy"); 61 at 12.  As with Plaintiffs' breach of contract claim, however, the record suggests that individualized inquiry would be necessary to determine whether proposed class members were denied benefits wrongfully.  *See* ECF No. 57 at 26 (describing variations in the notices sent and informal grace periods observed before lapse of individual policies); *cf. Pulaski & Middleman, LLC*, 802 F.3d at 986 ("[R]estitution is available on a classwide basis *once the class representative makes the threshold showing of liability* under the UCL . . ." (emphasis added)).  In this case, where some putative class members were denied benefits after an affirmative or voluntary decision to allow their policies to lapse while others suffered an inadvertent lapse due to TLIC's alleged failure to comply with the Statutes, individualized questions are central to the restitution claim.  The common question that Wollam has identified will not predominate over individualized inquiries into whether the relevant policies were wrongfully lapsed.  As a result, the proposed class lacks predominance with respect to Plaintiffs' claim for UCL restitution.

This order thus joins the growing body of caselaw holding that individualized issues would likely predominate in a class action regarding notice under the Statutes.  *See Poe*, 2023 WL 5251875, at *8 (citing *Moriarty*, 2022 WL 6584150, at *5; *Nieves*, 2023 WL 2705836, at *8; *Steen*, 2023 WL 4004192, at *12; *Pitt*, 2022 WL 17972167, at *7).  The claims in this case involve too many individualized questions to support class certification.

### 3.   Typicality

The typicality requirement "ensures that the interest of the class representative 'aligns with the interests of the class.'"  *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).  "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiff, and whether other class members have been injured by the same course of conduct."  *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th

United States District Court
Northern District of California

Cir. 2010) (quoting *Hanon*, 976 F.2d at 508).  "A court should not certify a class if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'" *Just Film*, 847 F.3d at 1116 (quoting *Hanon*, 976 F.2d at 508).

Wollam is the sole named plaintiff in this case.  TLIC argues that her claim is atypical of the proposed class because she voluntarily allowed her father's policy to lapse, causing her claim to "depend[] on allegations unlike the allegations she makes on behalf of the broader class."  ECF No. 57 at 23; *accord id.* at 23–25.  Wollam does not dispute that the lapse of her policy was voluntary; instead, she argues that this distinction is irrelevant because TLIC's failure to comply with the Statutes voids the policy termination regardless of what caused the lapse.  ECF Nos. 56 at 14–15, 22–23; 61 at 16–17.

For the reasons set forth above, this argument is not persuasive.  The Court is not convinced that TLIC's failure to comply with the Statutes gives rise to a breach of contract claim or sufficiently establishes a right to restitution under the UCL.  Thus, it is not clear that Wollam could establish any compensable injury.  Moreover, because Wollam knew about her policy's impending lapse and chose not to pay the premiums, she is likely to be preoccupied by defenses relevant to her claim that do not apply to the whole class.  *See Just Film*, 847 F.3d at 1116.  Other district courts considering class certification in cases regarding the Statutes have found that similar variations between named plaintiffs and the proposed class defeated typicality.  *See Poe*, 2023 WL 5251875, at *6 (finding that typicality was not met where the "Plaintiff ha[d] not shown that she has sustained an injury that is typical of the class—if the class has been injured at all—arising out of Defendant's noncompliance with the Statutes"); *Pitt*, 2022 WL 17972167, at *4–5 (finding that typicality was not met where portions of the class presented different "causation and damages" questions); *Nieves*, 2023 WL 2705836, at *5 (finding that typicality was not met where a class representative with a reinstated policy did not "sustain[] an injury that is typical of the class"); *Steen*, 2023 WL 4004192, at *5–7 (finding that typicality was not met where some class members intended to allow their policies to lapse and others did not, among other reasons).

District courts that have certified classes claiming violation of the Statutes have done so only in distinguishable circumstances, for example, where defendants did not challenge typicality

11

on this basis, *see Small v. Allianz Life Ins. Co. of N. Am.*, 2023 WL 4042593, at \*2; where damages were not sought, *see Farley v. Lincoln Benefit Life Co.*, 2023 WL 3007413, at \*5–6; and where the class was defined to exclude individuals who affirmatively canceled their policies and the named plaintiff was "not subject to any unique defenses," *Bentley v. United of Omaha Life Ins. Co.*, 2018 WL 3357458, at \*9.  Wollam's proposed class includes both members who did and did not experience harm caused by Defendants' conduct.  Because Wollam knowingly allowed her policy to lapse, she cannot fairly represent absent class members who inadvertently failed to make payments without the required notices and lost their benefits as a result.  The typicality requirement is not satisfied.

### C.   Rule 23(c)(4)

In passing,[4] Wollam requests certification under Rule 23(c)(4).  That rule provides that, "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues."  Fed. R. Civ. P. 23(c)(4).  Wollam argues that, "[a]s an alternative to certification of this entire Class as defined under Rule 23(b), the Court could certify merely the legal issues of whether The Statutes apply to Defendant's policies in force as [of] January 1, 2013, and whether TLIC's admitted failure to comply with The Statutes rendered its lapses or terminations ineffective."  ECF No. 56 at 28.

"Certification of an issues class is appropriate only if it permits fair presentation of the claims and defenses and materially advances the disposition of the litigation as a whole."  Manual for Complex Litigation § 21.24 (4th ed. 2004).  Certification here would not "materially advance the litigation" because the very issue that Wollam identifies would require individualized inquiries that preclude certification.

/ / /

/ / /

/ / /

/ / /

---

[4] Her opening brief contains one paragraph on the topic and her reply brief does not address it at all.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## CONCLUSION

Because the proposed class fails to satisfy the predominance requirement of Rule 23(b)(2) and the typicality requirement of Rule 23(a), and certification under Rule 23(c)(4) would not materially advance the litigation, Wollam's motion for class certification is denied.

**IT IS SO ORDERED.**

Dated:  March 13, 2024

_____
JON S. TIGAR
United States District Judge